# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUNA ECLIPS,<br><br>                Plaintiff,<br><br>    v.<br><br>MYKEL SIEGRIST, *et al.*,<br><br>                Defendants. | Case No. 3:21-cv-00159-JMK |

## ORDER OF DISMISSAL OF "CASE" & WARNING NOTICE OF VEXATIOUS LITIGANT

On July 6, 2021, Luna Eclips, a self-represented prisoner, filed a "Notice of Intent to File Suit/Lein."[1] In this filing, Mr. Eclips lists various defendants, including individuals, municipal entities, and an unknown body of jurors.[2] Without factual allegations, Mr. Eclips lists his causes of action as: "Slander-Libel, Assault, Illegal Detainment, Slander, Illegal Search & Seizure, 5th, 6th, and 14th Amend violations, False Representation, Due Process Violations, Theft, Obstruction of Justice, and Failure to Render Aide."[3] For relief, he requests "$5.1 million dollars/arrests warrants be issued."[4]

---

[1] Docket 1.

[2] Docket 1.

[3] Docket 1.

[4] Docket 1.

This is one of ten such filings submitted by Mr. Eclips since March 2, 2021.[5] In previous actions, the Court has informed Mr. Eclips that in order to commence a civil action he must file (1) a complaint and (2) the $402 filing fee or an application to waive the fee.[6] The Court provided extensive instructions and forms for Mr. Eclips to use. In every instance, Mr. Eclips has ignored the Court's guidance and assistance. Repeatedly, he ignores the Court's instructions, appeals a non-dispositive order for which the Ninth Circuit Court of Appeals has no jurisdiction, and engages in a cycle of unproductive litigation that results in a failure to commence a civil action.[7]

The Court provides instructions, forms, and guidance to self-represented litigants to increase access and productive litigation from parties that cannot find or afford a lawyer. However, the Court's facilitated access to civil litigation does not equate to a litigant conducting litigation in whatever manner they see fit. The Court has an obligation to protect the limited resources of the judiciary. "Flagrant abuse of the judicial process cannot be tolerated because it enables one person

---

[5] *See Eclips v. Williams, et al.*, 3:21-cv-00053-RRB; *Eclips v. Guzman, et al.*; 3:21-cv-00084-JMK; *Eclips v. Christensen, et al.*, 3:21-cv-00104-JMK; *Eclips v. Talley, et al.*, 3:21-cv-00106-JMK,; *Eclips v. Leddy, et al.*, 3:21-cv-00120-JMK; *Eclips v. Allen, et al.*, 3:21-cv-00176-JMK; *Eclips v. Hornsby, et al.*, 3:21-cv-00177-JMK; *Eclips v. Hustin, et al.*, 3:21-cv-00185-JMK; *see also* 3:21-cv-196-JMK, *Eclips v. Rice, et al*.

[6] *Eclips v. Williams, et al.*, 3:21-cv-00053-RRB, Docket 2; *Eclips v. Guzman, et al.*, 3:21-cv-00084-JMK, Docket 2; *Eclips v. Christensen, et al.*, 3:21-cv-00104-JMK, Docket 3; *Eclips v. Talley, et al.*, 3:21-cv-00106-JMK, Docket 3.

[7] *Supra* note 4.

Case No. 3:21-cv-00159-JMK, *Eclips v. Siegrist, et al.*
Order of Dismissal of "Case"
Page 2 of 6
Case 3:21-cv-00159-JMK   Document 3   Filed 09/07/21   Page 2 of 6

to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."[8]

Mr. Eclips has been a long-standing litigant in this Court and filed many civil rights complaints.[9] In *Eclips v. Volland et al.*, 3:18-cv-00169-TMB, the Court issued this warning:

> The Court notes Mr. Eclips repeated prior filings which were dismissed for either lack of compliance or for failure to state a claim (including those under his prior name Bobby Kirkwood). The Court warns Mr. Eclips that federal law requires Courts to issue "strikes" to prisoner litigants who file federal lawsuits, which are ultimately dismissed as frivolous, malicious, for failing to state a claim. The Court has been lenient with Mr. Eclips's prior dismissals. However, he is cautioned that the next suit that is dismissed for frivolousness, maliciousness, or failure to state a claim may result in a strike. After three strikes, Mr. Eclips will be unable to file lawsuits under in forma pauperis status, unless he demonstrates "imminent danger of serious physical injury."[10]

---

[8] *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

[9] *Supra* note 4; *see also Eclips v. Self, et al.*, 3:15-cv-00110-SLG; *Eclips v. Volland, et al.*; 3:18-cv-00006-RRB; *Eclips v. Volland, et al.*, 3:18-cv-00169-TMB; *Eclips v. Houser, et al.*, 3:19-cv-00197-SLG-MMS.

[10] 28 U.S.C. § 1915(g) (stating "[No prisoner shall] bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); *see also Andrews v. King*, 398 F.3d 1113, 1123 (9th Cir. 2005) (upholding the constitutionality of the strike system imposed by the Prison Litigation Reform Act).

Case No. 3:21-cv-00159-JMK, *Eclips v. Siegrist, et al.*
Order of Dismissal of "Case"
Page 3 of 6
Case 3:21-cv-00159-JMK   Document 3   Filed 09/07/21   Page 3 of 6

In February 2021, Mr. Eclips filed a complaint in *Eclips v. Cass, et al*., 3:21-cv-00038-RRB. The Court screened and dismissed the complaint with prejudice for failing to state a claim and frivolousness and issued Mr. Eclips's third strike.[11]

Since *Eclips v. Cass*, Mr. Eclips has begun to file "notices" without the filing fee or an application to waive the fee with the Court numerous times. Despite repeated guidance, Mr. Eclips refuses to file a complaint.[12] This recent deluge of "notices" is a significant change from Mr. Eclips's historical compliance with basic civil procedure and filing requirements, seemingly triggered by Mr. Eclips's strike status. The Court finds these "notices" to be an attempt to avoid filing limitations set by 28 U.S.C. § 1915(g).

Mr. Eclips's litigation history, in conjunction with his repeated pattern of behavior, indicates this to be a litigation strategy that lacks merit, but also is a willful attempt to suborn acts of Congress and the rules of this Court. Further, Mr. Eclips's long litigation history demonstrates that he understands and can file civil complaints, but now willfully chooses not to engage in productive litigation before this Court. Mr. Eclips's repeated drain on the Court's resources in his attempts to avoid the Court's mandated duties and its civil rules no longer will be tolerated.

---

[11] *Eclips v. Cass, et al*., 3:21-cv-00038-RRB, Docket 10.

[12] *Supra* note 5.

Case No. 3:21-cv-00159-JMK, *Eclips v. Siegrist, et al.*
Order of Dismissal of "Case"
Page 4 of 6
Case 3:21-cv-00159-JMK   Document 3   Filed 09/07/21   Page 4 of 6

**IT IS THEREFORE ORDERED:**

1. This "case" is dismissed as per the Court's prior Orders at *Eclips v. Christensen, et al.*, 3:21-cv-00104-JMK at Docket 3; *Eclips v. Talley, et al.*, 3:21-cv-00106-JMK at Docket 3.

2. In light of the Court's findings in this Order, all further "Notices" lacking a filing fee or an application to waive the filing fee shall be automatically dismissed per this Order without further notice to Mr. Eclips.

3. Should Mr. Eclips continue to file deficient, meritless "notices" with the Court, the Court may be forced to enter a pre-filing review order, which will label Mr. Eclips as a "vexatious litigant" and prevent him from filing any further lawsuits without pre-filing review by this Court. This order actually would be broader and more extensive than the strike rule of 28 U.S.C. § 1915(g), because it would apply to Mr. Eclips regardless of his incarceration status.

4. The Court reminds Mr. Eclips that in order to properly commence a civil action, a litigant must file a complaint and either the filing fee of $402.00 or an application to waive prepayment of the filing fee.[13] Mr. Eclips's "three strikes" status does not prevent him from filing

---

[13] Local Civil Rule 3.1(c).

Case No. 3:21-cv-00159-JMK, *Eclips v. Siegrist, et al.*
Order of Dismissal of "Case"
Page 5 of 6
Case 3:21-cv-00159-JMK   Document 3   Filed 09/07/21   Page 5 of 6

complaints or applications to waive the filing fee. 28 U.S.C. § 1915(g) provides that a self-represented prisoner cannot bring a civil action *in forma pauperis* (receive a waiver of prepayment of fees or costs), if "on three or more prior occasions, while incarcerated" the prisoner brought actions that were dismissed as "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted[.]"[14] Congress maintains an exception allowing a prisoner to file *in forma pauperis* if under "imminent danger of serious physical injury."[15] Mr. Eclips may file complaints with this Court and pay the filing fee. Or, he may file a complaint and an application to waive the filing fee and be granted in forma pauperis status, if in his complaint he shows an "imminent danger of serious physical injury."

DATED this 7th of September, 2021, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[14] 28 U.S.C. § 1915(g).

[15] *Id.*

Case No. 3:21-cv-00159-JMK, *Eclips v. Siegrist, et al.*
Order of Dismissal of "Case"
Page 6 of 6
Case 3:21-cv-00159-JMK   Document 3   Filed 09/07/21   Page 6 of 6